appellate. Mr. Zucker for the appellate. Mr. Smith for the athlete. Mr. Zucker, before you begin, I just want to extend a special welcome to our visitors from the Congressional School. Welcome. Thank you, Judge. John Zucker and Patricia Dawes on behalf of Appellant Islam request five minutes for rebuttal. This case presents the exact situation that Rule 32.1 was intended to avoid in the injustice that occurred here. In this case, as the Court's well, Mr. Islam was on supervised release in two different jurisdictions. The same probation officer was supervising him. The same or comparable conditions of release were applicable in both cases, the New York case and the D.C. case. In January of 2016, the probation officer supervising him brought him in for an interview and I think conducted a search or visited his home. It became apparent that Mr. Islam was in violation of the conditions of release and the probation officer essentially took custody and instituted the revocation proceedings. They went forward in January in New York in front of a magistrate judge and at that point that's when the violation of 32.1 occurred. This is an argument that could have been raised before the district court and wasn't. Well, it was raised in that there was a motion before the magistrate judge. I agree that it was not... Raised before the magistrate. Right. And I, you're getting it. And then that decision is on review in the district court and the courts were very careful to specify the need to renew the objection in order to preserve it. Right. And there was a forfeiture. Well, I think the position that the government takes is that there was a waiver due to the failure to register the objection. But this court has jurisdiction to consider that not withstanding the failure to note an objection and particularly... We certainly have discretion to enforce a forfeiture or waiver a forfeiture. Waiver is actually worse for you than forfeiture. But in the context where the district judge addresses the issue and exercises their discretion, the court has not only the ability but I would suggest the duty to review that. And in this case the district court clearly addressed the issue and exercised its discretion. It said... It's very different for the district court in the absence of any adversary presentation to say, okay, yeah, I agree with the magistrate judge. But... And to have a focused disputed contention where the parties brief the issues and such and the issue is teed up for the district court. Clearly, it would have been a better practice for the trial lawyer to have registered an objection. However, the district judge did review it, did make findings on the record that they had reviewed and agreed with the decision regarding there being a violation. More importantly, they exercised their own discretion because they rejected the record. Whose they exercised... The trial court. I think it was Judge Moss. You're using the word they. I was confused. I apologize. I apologize. The district court in their findings said, I have reviewed it and I agree with the recommendation and then went on to change the sentence. They exercised their own independent judgment. The magistrate judge had recommended a sentence of four months and the district judge imposed a sentence of nine months. The magistrate judge imposed or recommended no conditions of release. I'm confused. Are you saying that the district judge considered the very issue that was waived? That's what they said, yes. They said, I considered it. Considered it. What was it? I'm trying to find the exact quote. Considered the issues raised before the magistrate judge regarding... Which, as relevant here, I assume is your delay claim. I'm sorry? Your delay claim, right? Your unconstitutional delay claim. I don't know if it's delay or it's just a failure to... I wouldn't even call it a delay. I would call it a failure to raise and to advise the defendant that he was looking at a revocation here. That's what Rule 32.1... The main argument you press on appeal is that there was an unconstitutional delay in the execution of the D.C. detainer or warrant. Well, I claim more than that. It was... And that's the argument that you never presented to the district court. I believe it was presented... I wasn't trial level. But I believe it was presented in the motion that the delay to notify the defendant of the pending warrant and the pending revocation proceedings in D.C. is exactly the basis under which both the pro se motion and then the motion from the trial counsel urged for the dismissal of the case, saying this is a 32.1 violation, it's a due process violation, it's the same thing, because the defendant was not advised of the D.C. proceedings, and therefore did not have an opportunity to seek to have the case transferred from D.C. to New York. If there's no constitutional significance concerning the warrant in the District of Columbia until the moment it's exercised, then you lose, right? I would say, certainly the magistrate judge ruled in accordance with Moody that it has no significance until it's exercised. But Rule 32.1 imposes a burden or a duty upon the jurisdiction in which the defendant is taken into custody to advise him of this right and then to conduct a preliminary hearing. And none of that was done, consequently. Before a warrant is executed, before a detainer is executed? I would say yes. But if that's not true, then you lose, right? If the rights are only required to be in an – if the defendant is only required to be advised of the D.C. charges or the pending representation. When it's executed. I'm sorry? When the warrant is executed. When the warrant is executed. But I don't think that is – If that's true, is there anything to your case? Then we would lose that portion. Then what portion would you win? Maybe the ineffective assistance for failing to pursue that. But I think the critical thing here, Judge, is that Rule 32.1 does not talk in terms of execution of the warrant from a foreign jurisdiction or another jurisdiction. The triggering requirement there is taking the defendant into custody. And that is what happened here. He was taken into custody simultaneously because he had violated conditions of release under both cases. And that triggered the requirement that he be notified and that he have a preliminary hearing. It's right in 32.1 that those rights occur. And really – What's the language of 32.1 that you're expressing? I mean, I see held in custody. Well, it says, okay, A, initial appearance, subpart B. If the person is held in custody in the district other than where an alleged violation occurred, the initial appearance must be in that district. Now, there were violations here in both jurisdictions because – well, the violations occurred in New York, but it applied to both conditions – both sets of conditions of release. Also in Section 3, the judge must inform the person of the following, the alleged violation of probation or supervised release. And then in Section 5, appearance in a district lacking jurisdiction. If the person is arrested or appears in a district that does not have jurisdiction to conduct a revocation hearing, the magistrate judge must then, A, if a violation occurred in the district of arrest, conduct a preliminary hearing. Those are all the safeguards in 32.1 that were designed to prevent what happened in this case from occurring. But they're all triggered by the requirement that the person be held in custody.  But that just takes us right back to the moody question of whether when the SDNY probation office brought him in, whether they were doing so for purposes of the SDNY violation, as the government says, or whether, on your theory, they were also enforcing the DDC warrant. It just takes us back to the same question. It doesn't tell you how it gets you any more than moody. But it answers the question because he was taken into custody for violation of conditions on both cases, and the probation officer who took him into custody notified D.C. D.C. probation filed a report with Judge Moss, and Judge Moss issued a warrant. He's taken into custody, if I have the chronology right, on January 18. The D.D.C. warrant doesn't even issue until February 1. I think it was January 31. Actually, I believe he was taken into custody on the 17th. 17th or 18th, in any event, well before the D.D.C. warrant even issues. Right. But it's clear it's based on violating both because the New York probation officer contacts D.C. and says he's in violation. So he's in violation. The New York probation officer, he's violated both sets of conditions of release and brings him in to address the New York one year, notifies D.C. Now, D.C. issues a warrant, but then places it under seal so the defendant has no notice of it, and therefore he's denied the right to pursue a transfer from D.C. to New York, something that the judicial conference has encouraged. How do we know that Judge Moss would have agreed that he's violating the D.C. conditions? Well, whether the judge would ultimately rule that way or not just delays the question of whether or not the defendant had the right to address the issue. I mean, Judge Moss was denied the right. We don't know how Judge Moss would have exercised his discretion  We know he issued a warrant based on the allegations in the report. Well, he sure behaved as if he did not agree with Judge Kimberwood, didn't he? Ultimately, yes. However, we don't know what he would have decided had he been apprised of this earlier. I mean, by the time he got- He kind of emphasizes things which point in an unfavorable direction. Well, this was a separate matter, and there was a separate criminal proceeding here. This is a violation of the terms with respect to that separate criminal proceeding. That does not show hospitality towards your theory. But it's a question of when this is presented to him, and that was in response to a request post-serving the New York sentence, post-serving that, I think, nine months- It was a 24-month sentence. I forget how much time he actually did. But after all that was done, when the case was transferred to D.C., that was the position he took. Had he been apprised of this earlier, had he had the opportunity to transfer the case to New York, we don't know, and I expect if he followed the recommendation of the judicial conference, that favors transferring. All of the- But they're separate cases. Absolutely separate cases. And as far as I can tell, the D.D.C. charges are much more serious ones, right? I don't- And they led to a two-year sentence, and the S.D.N.Y. ones led to a one-day sentence. Well, but on revocation, they got the same two-year sentence in New York. Judge Woods imposed a 24-month- The exact same sentence. On revocation. On revocation, yes. She apparently was prepared to give him a chance to pursue mental health counseling, and that failed. She maxed them out. Why would it have mattered, why would the timing issue, why could it have mattered to Judge Moss? And his theory is, this is my case, I want to deal with it. That would have been just as true had the motion been made 24 months earlier. Had the motion been made earlier, had he followed the recommendation of the judicial conference, that under circumstances like this, in the interest of conserving judicial resources, conserving time, all of the witnesses, all of the allegations were in New York, the violations in New York, it made perfect sense to exercise his discretion and say, let's send this to New York to deal with both cases, since they already have it, and it would conserve a lot of resources. By the time it came to him here, that sentence had already been served. There was no interest in judicial economy. It was quite the opposite. To send it back to New York would have made no sense. And so I don't fault one iota his decision to say, once the case, once New York is done and he's here, I'm going to deal with it here because everybody's here. But had he been given, had the request been made to transfer it to New York timely, there's a reasonable probability he would have followed that. And certainly Judge Woods was under the impression she had jurisdiction over both cases initially, because she imposed a concurrent sentence, and then when informed she didn't by the prosecution, she said, okay, well, that will be my recommendation. Does that answer the question? I know it's been time. We'll give you some more time. Thank you. Good morning. Good morning. May it please the Court. Peter Smith on behalf of the United States. The Court should affirm the judgment of the District Court. Unless the Court has other questions, I'm going to focus on the argument that Appellant made this morning about Rule 32. Appellant's argument is that the minute Appellant was taken into custody, his rights under Rule 32 attached. And that's simply refuted by the case law. Appellant hasn't cited any case that says that his rights under Rule 32 attached when he was taken into custody in another case before another judge involving different charges, the charges in the District of Columbia. This just brings us back to this question of, in this seemingly unusual circumstance, whether we should understand the SDNY Probation Office as having brought him in on one set of charges or both. Right? Yeah. And so why would it be unreasonable? I mean, there was this arrangement under which the SDNY Probation Office seemed to be doing the job of the DDC Probation Office. And it makes perfect sense. Right? He's in New York. The charges are similar. So there's this established pattern in the case that the SDNY Office is wearing two hats. They're wearing their SDNY hat and their DDC hat. And the conditions are the same. They're monitored jointly. And then he violates the conditions and they bring him in. Why wouldn't we presume that they're still wearing both hats at that point? Well, initially, Your Honor, their conditions aren't exactly the same. But I believe they're similar enough for the SDNY Probation Office to be administering the DDC supervised release. They're similar. But I guess my response is that the argument that you're suggesting that Appellant is making is a pragmatic one about the overlap of supervision. But the legal argument forecloses Appellant's position. There simply isn't any case that he can point to that says that this sort of overlapping supervision means that somebody is in custody, either under Moody for constitutional purposes or for purposes of Rule 32. On the other hand, at page 21 of the government's brief, the government has cited at least two cases, Pardue and Shipp, that say that in this situation you don't simply either draw a pragmatic conclusion or a sort of fiction that somebody is in custody in two different cases. The courts don't do that. But suppose the SDNY Office took him in and said explicitly in their filings or statements or whatever, we are taking you in for violation of both sets of conditions. I still don't think that you would have the kind of overlap that you're suggesting or that Appellant would need to prevail in this case. If the probation office brought Appellant in and said, you are now under custody under both cases, and they actually executed the D.C. warrant, I would agree with you. Moody says it's the execution of the warrant that matters. That happened here in August of 2017. Appellant's argument is that in January of 2017, when he was in custody in New York, that he was... without regard to the New York involvement, but rather the D.C., and there was no warrant that the constitutional rights wouldn't ensue at that point? Maybe I'm just understanding your question. It's a strange situation. Suppose he had been arrested in New York for violation of the D.C. Right. They would attach... They would certainly attach at that point. Right. Assuming that the warrant had been executed and he was held, then he would be in custody even though he's in New York. But your basic point is the key in the cases is the constitutional and Section 32 rights spring up the moment the detainer warrant is executed. Correct. And not before that time. Correct. And we cited Moody and we cited other cases on page 21 of our brief, and appellant hasn't cited any case that's to the contrary. The court has no further questions. We would urge the court to affirm the judgment of the district court. What about as a practical matter the probability that Judge Moss would have reacted differently if the transfer of venue motion had been made? It could have been made earlier. Well, the way that the case is postured now, either on plain error or ineffective assistance, it's appellant's burden to show that that kind of prejudice. The transfer statute is discretionary. As I guess you're suggesting, Judge Moss wouldn't have had to transfer the case. And there's indication in the record that he wouldn't have. The case involved different charges. It was a different temporal circumstance, quite clearly, and the advantage of the economy of judicial effort might have persuaded him. I think not, because the cases were different. They involved different charges. Later, when Judge Moss received the case, he did not go with the magistrate judge's recommended sentence. Judge Moss also had the option to impose concurrent sentences and chose not to. That provides some evidence that he wouldn't have transferred it, that he — Some evidence. Some evidence. But it's appellant's burden, either under plain error or under ineffective assistance of counsel under Strickland. He's got to show prejudice, and on this record, he can't. You say under one or the other. What standard should we apply for forfeited errors in this context? We made an argument that his claim is completely foreclosed because it was weighed because he didn't object to the magistrate judge's report. But if the court weren't going to do that, then review, as they indicated just now, would be either under the plain error or under discretion. So it's either no review, plain error review, or ineffective assistance review. Or ineffective assistance. Do you want me to tell it? And this court has said that ineffective assistance and the plain error are very similar. I think the court has said they function almost the same. So under any of those standards, we would win. Obviously, it's better for the government if the claim were wholly waived, and the court didn't even consider it. Isn't plain error the more analogous standard to the extent we're talking about a claim that wasn't preserved in district court that sought to be raised on direct review? Yes. Ineffective assistance usually kicks in in the collateral review context. It does. Appellants raised it in his direct appeal of the revocation of supervised release. So, you know, our argument is that the record conclusively shows that he didn't receive ineffective assistance from counsel and he wasn't prejudiced. So whether it's plain error or ineffective assistance, at bottom, it's the same. The result is the same in any event. And the legal argument, unless the courts were foreclosed from review because appellant didn't object to the magistrate judge's report, but under any other standard, the case authority, the legal argument that I made would foreclose his claim. Right. Understood. Thank you. Thank you very much. Thank you. The principal point I want to start off with is that this case is distinguishable from Moody because Moody, it occurred in 1972. It was a parole case, not a supervised release case. Supervised release didn't even exist when Moody occurred. Additionally, the warrant. Why does that matter? Huh? Why does that matter? Because, and that goes to my next point. Custody is the triggering, is the operative word used within 32.1. When someone is taken into custody, it doesn't require the execution of a warrant. Now, normally that is the way someone is taken into custody. However, since supervised release has occurred and since Moody has occurred, probation officers now have the authority to take someone into custody absent the warrant if there is a violation, and that seems to be what occurred in this case. Amir Islam came into the probation officer's office, made admissions that he had violated conditions of release, was taken into custody. The admissions he made, as the probation officer found, were violative of both sets of conditions of release. And at that point, I suggest the proper analysis is he's in custody in both sets, on both courts' orders, on both cases. It seems like that's not so much an argument about legal differences between supervised release and parole. It's just an argument about how we understand the facts in this odd situation where the SDNY probation office is doing some of the functions that would otherwise be done by the DDC probation office. And it's admittedly murky, but you have essentially a finding of fact by the magistrate judge that the DDC custody didn't kick in until after the SDNY custody ran its course. It's a little hard for you to show that that's clearly erroneous. Well, it's erroneous because based on that, they apparently said that the protections of Rule 32.1 don't apply because he's not in custody because the warrant hasn't been executed. But 32.1 speaks in terms of custody, not the execution of a warrant. And in this case, he was taken into custody without a warrant being issued. The problem is it's a rather confusing case. Is that not? You admit that. How the devil could you ever establish that it's clearly erroneous on the part of the district judge? Well, the clearly erroneous part here. Which clearly erroneous part? Any part. Okay. I would say the clearest part. And I didn't focus on Judge Moss's decision. And frankly, I'm not critical because at that point, his decision was logical. Who committed clearly erroneous acts then? The probation officer for failing to notify. And the magistrate judge in New York when they failed to notify the defendant of the pending D.C. violations and that he was at jeopardy in D.C. for these revocations. He did not know of that until they were ready to – until they prepared to release him. I want to focus on the legal question. Sure. Your point is that is the strongest argument you have is that the probation officer in New York behaved in a clearly erroneous fashion? Well, clearly erroneous is a legal standard applicable to the judge. Yes. The violation – the violation here – and I'm not exactly sure who you would say was so much at fault. You're not sure who violated what? Are you sure – are you – who violated what? Okay. The violation occurred because the defendant was advised of the rights. Not because. Who violated? Well, it could be a combination of the trial of the magistrate judge who failed to advise him, who may not have even been aware of it, or the probation officer that failed to advise the defendant and failed to advise the magistrate judge that there are these pending proceedings. I mean, this defendant was prejudiced because he was not able – But that's a violation only if he was taken into custody on both sets of charges. Agreed. Okay. And I agree. And I think – And the magistrate judge said as a factual matter that that was not the case. Which magistrate judge? The magistrate judge in D.C. In D.C. Yes. Whose report is under review here. After – at that point – So at a minimum, forfeitures aside, you would have to establish that that finding of fact is clearly erroneous. That one is erroneous because it relies on Moody, which should be an applicable in this case, because the standard is not execution of warrant. The standard is custody. Additionally, I would point to the fact that the judge in New York believed she had jurisdiction over both cases because they were supervising the heir, and that's why she said, I'm going to impose a concurrent sentence. She was then technically corrected. But her clear impression at that point when she imposed a concurrent sentence was – Technically, the technical correction was not correct. Well, it was correct. She didn't have jurisdiction because it hadn't been transferred. Right. No, it had not been transferred. And the reason – I suggest to you the reasonable probability is it had not been transferred because the defendant was not afforded the constitutional protections encompassed in 32.1. Had they been, his lawyer, and subsequently he, when he learned of the D.C. charges, filed the motion to transfer. And that's – the reasonable probability is that would have been granted had it been filed earlier. Nothing else? Mr. Zucker, thank you. You were appointed by the Court to represent Mr. Islam in this appeal. The Court thanks you for your assistance. Thank you very much. You bet.
judges: Katsas, Silberman, Williams